1   WILLIAM A. MOLINSKI (SBN 145186)
    wmolinski@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa Street, Suite 3200
3   Los Angeles, California 90017
    Tel: 1-213-629-2020 / Fax: 1-213-612-2499
4
    ANNETTE L. HURST (SBN 148738)
5   ahurst@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
6   405 Howard Street
    San Francisco, California 94105-2669
7   Tel: 1-415-773-5700 / Fax: 1-415-773-5759

8   E. JOSHUA ROSENKRANZ (*pro hac vice*)
    jrosenkranz@orrick.com
9   PETER A. BICKS (*pro hac vice*)
    pbicks@orrick.com
10  ELYSE D. ECHTMAN (*pro hac vice*)
    eechtman@orrick.com
11  ORRICK, HERRINGTON & SUTCLIFFE LLP
    51 West 52nd Street
12  New York, New York 10019-6142
    Tel: 1-212-506-5000 / Fax: 1-212-506-5151
13
    MARK A. LEMLEY (SBN 155830)
14  mlemley@durietangri.com
    MICHAEL PAGE (SBN 154913)
15  mpage@durietangri.com
    DURIE TANGRI LLP
16  217 Leidesdorff Street
    San Francisco, California 94111
17  Tel: 1-415-362-6666

18  Attorneys for Defendants DISH Network
    Corporation and DISH Network L.L.C.
19

20              UNITED STATES DISTRICT COURT

21              CENTRAL DISTRICT OF CALIFORNIA

22  NBC STUDIOS, LLC; UNIVERSAL          | Case No. CV12-04536-DMG-SHx
    NETWORK TELEVISION, LLC; OPEN
23  4 BUSINESS PRODUCTIONS LLC;          | **DEFENDANTS DISH NETWORK**
    and NBCUNIVERSAL MEDIA, LLC,         | **CORPORATION'S AND DISH**
                                          | **NETWORK L.L.C.'S ANSWER**
24              Plaintiffs,
                                          | JURY TRIAL DEMANDED
25          v.

26  DISH NETWORK CORPORATION,
    DISH NETWORK  L.L.C.,
27
                Defendants.
28

Defendants DISH Network, L.L.C. and DISH Network Corporation (together "DISH"[1]), by and through their attorneys, hereby answer the complaint of NBC Studios LLC, Universal Network Television LLC, Open 4 Business Productions LLC and NBCUniversal Media, LLC, (together "NBC") as follows, based upon information and belief:

**"NATURE OF ACTION"**

1.     With respect to Paragraph 1 of the Complaint, DISH denies the allegations.

2.     With respect to Paragraph 2 of the Complaint, DISH admits that the first sentence quotes content that appeared on its website at an unspecified time and respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in that Paragraph.

3.     With respect to Paragraph 3 of the Complaint, DISH denies the allegations.

4.     With respect to Paragraph 4 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

5.     With respect to Paragraph 5 of the Complaint, to the extent the first sentence contains legal conclusions, no response is required.  To the extent that a response is required to the first sentence, DISH denies the allegations.  With respect to the second and third sentences of Paragraph 5, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. DISH denies the allegations set forth in the fourth, fifth and sixth sentences of that Paragraph.

6.     With respect to Paragraph 6 of the Complaint, DISH denies the allegations set forth in that Paragraph, including all subparts.

---

[1]  All admissions as to actions by DISH contained herein refer to actions taken by DISH Network L.L.C.  DISH Network Corporation is a holding entity.

1    7.    With respect to Paragraph 7 of the Complaint, DISH denies the

2    allegations.

3    8.    With respect to Paragraph 8 of the Complaint, DISH denies knowledge

4    or information sufficient to form a belief as to the truth or falsity of the allegations

5    set forth in the first, third, fourth, and sixth sentences of that Paragraph.  DISH

6    denies the allegations set forth in the second and fifth sentences of that Paragraph.

7    9.    With respect to Paragraph 9 of the Complaint, DISH denies the

8    allegations.

9    **"THE PARTIES"**

10    10.    With respect to Paragraph 10 of the Complaint, DISH denies

11    knowledge or information sufficient to form a belief as to the truth or falsity of the

12    allegations.

13    11.    With respect to Paragraph 11 of the Complaint, DISH believes that

14    NBCUniversal Media, LLC is a Delaware limited liability company with its

15    principal place of business in New York, New York.  DISH denies knowledge or

16    information sufficient to form a belief as to the truth or falsity of the remaining

17    allegations set forth in that Paragraph.

18    12.    With respect to Paragraph 12 of the Complaint, DISH admits the

19    allegations set forth in the first sentence of that Paragraph.  With respect to the

20    second sentence of Paragraph 12, DISH admits that DISH Network L.L.C. is a

21    Colorado limited liability corporation with its principal place of business in

22    Englewood, Colorado and an indirect wholly-owned subsidiary of DISH Network

23    Corporation, and otherwise denies the allegations.  To the extent the third sentence

24    of Paragraph 12 contains legal conclusions, no response is required.  To the extent

25    that a response might be required, DISH denies the allegations set forth in the third

26    sentence of that Paragraph.

27    13.    With respect to Paragraph 13 of the Complaint, DISH admits the

28    allegations as to DISH Network L.L.C. and otherwise denies the allegations.

**"JURISDICTION AND VENUE"**

14.     With respect to Paragraph 14 of the Complaint, to the extent that it contains legal conclusions, no response is required.  To the extent that a response might be required, DISH admits that the federal district courts have federal question jurisdiction over NBC's copyright claims, but denies that NBC's claims are appropriately brought in this Court.

15.     With respect to Paragraph 15 of the Complaint, to the extent that it contains legal conclusions, no response is required.  To the extent that a response might be required, DISH admits that this Court has personal jurisdiction over DISH Network L.L.C. and that DISH Network L.L.C. does business in this judicial district, but denies that venue is proper in this district, and otherwise denies the remaining allegations set forth in that Paragraph.  DISH avers that the Southern District of New York is a far more convenient venue for this dispute and that venue in the Southern District of New York would best serve the interests of judicial economy and efficiency and avoid the risk of inconsistent adjudications, because it would allow all related actions and claims involving DISH and the four major television networks to be heard in one court and before one federal district judge.

**"FACTUAL BACKGROUND"**

**"Free Over-the-Air Commercially Supported Broadcasting"**

16.     With respect to Paragraph 16 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

17.     With respect to Paragraph 17 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the first, second and third sentences of that Paragraph.  DISH denies the allegations set forth in the fourth, fifth, and sixth sentences of that Paragraph.

/ / /

/ / /

DISH ANSWER
CASE NO. CV12-0453- DMG-SHx-

**"Plaintiffs' Dissemination of Prime-Time Television Content"**

18.     With respect to Paragraph 18 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of that Paragraph.  For the second and third sentences, to the extent that they contain legal conclusions, no response is required. To the extent that a response might be required, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

19.     With respect to Paragraph 19 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

20.     With respect to Paragraph 20 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, including the allegations contained in the subparts thereto.

**"Defendants' Infringing Service"**

21.     With respect to Paragraph 21 of the Complaint, DISH admits that it began offering the Hopper Whole-Home HD DVR System (the "Hopper") to subscribers in mid-March 2012, the Hopper can store up to 2000 hours of television recordings, the Hopper is a set-top box leased to subscribers who purchase certain packages of services from DISH and meet certain other criteria, and avers that the Hopper is also made available on certain other terms, and otherwise denies the allegations set forth in that Paragraph.

22.     With respect to Paragraph 22 of the Complaint, DISH admits that it launched the AutoHop feature on May 10, 2012 and otherwise denies the allegations.

23.     With respect to Paragraph 23 of the Complaint, DISH admits that the Paragraph quotes from content appearing on DISH's website at an unspecified time, respectfully refers the Court to that website content for a complete and accurate

/ / /

statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in the Paragraph.

24.     With respect to Paragraph 24 of the Complaint, DISH admits that the first sentence appears to refer to an interview given by DISH employee Vivek Khemka, respectfully refers the Court to that interview for a complete and accurate account of the statements made by Mr. Khemka, as well as the context of those statements, and otherwise denies the allegations set forth in the first sentence of that Paragraph.  With respect to the second sentence of Paragraph 24, DISH denies the allegations.  With respect to the third sentence of Paragraph 24, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

25.     With respect to Paragraph 25 of the Complaint, DISH admits that the Paragraph quotes from content appearing on DISH's website at an unspecified time, respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in that Paragraph.

26.     With respect to Paragraph 26 of the Complaint, DISH admits that the Paragraph quotes from a DISH press release, respectfully refers the Court to that press release for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in that Paragraph.

**"Irreparable Harm to Plaintiffs As a Result of Defendants' Infringement"**

27.     With respect to Paragraph 27 of the Complaint, DISH denies the allegations, including all subparts.

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**"CLAIMS FOR RELIEF"**

**"COUNT I"**

**"(COPYRIGHT INFRINGEMENT IN VIOLATION OF THE COPYRIGHT ACT, 17 U.S.C. § 101, *ET. SEQ.*)"**

28.    DISH incorporates by reference its answers to Paragraphs 1-27 of the Complaint, as if fully set forth herein.

29.    With respect to Paragraph 29 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

30.    With respect to Paragraph 30 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

31.    With respect to Paragraph 31 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

32.    With respect to Paragraph 32 of the Complaint, DISH denies the allegations.

33.    With respect to Paragraph 33 of the Complaint, DISH denies the allegations.

34.    With respect to Paragraph 34 of the Complaint, DISH denies the allegations.

35.    With respect to Paragraph 35 of the Complaint, DISH denies the allegations.

**"COUNT II"**

**"(INDUCEMENT OF COPYRIGHT INFRINGEMENT IN VIOLATION OF THE COPYRIGHT ACT, 17 U.S.C. § 101, *ET. SEQ.*)"**

36.    DISH incorporates by reference its answers to Paragraphs 1-31 of the Complaint, as if fully set forth herein.

1         37.    With respect to Paragraph 37 of the Complaint, DISH denies the

2    allegations.

3         38.    With respect to Paragraph 38 of the Complaint, DISH denies the

4    allegations.

5         39.    With respect to Paragraph 39 of the Complaint, DISH denies the

6    allegations.

7         40.    With respect to Paragraph 40 of the Complaint, DISH denies the

8    allegations.

9         41.    With respect to Paragraph 41 of the Complaint, DISH denies the

10   allegations, including all subparts.

11        42.    With respect to Paragraph 42 of the Complaint, DISH denies the

12   allegations.

13        43.    With respect to Paragraph 43 of the Complaint, DISH denies the

14   allegations.

15   <p align="center">**"<u>COUNT III</u>"**</p>

16   <p align="center">**"(CONTRIBUTORY COPYRIGHT INFRINGEMENT IN VIOLATION OF**

17   <p align="center">**THE COPYRIGHT ACT, 17 U.S.C. § 101, *ET. SEQ.*)"**</p>

18        44.    DISH incorporates by reference its answers to Paragraphs 1-31 and 37-

19   39 of the Complaint, as if fully set forth herein.

20        45.    With respect to Paragraph 45 of the Complaint, DISH denies the

21   allegations.

22        46.    With respect to Paragraph 46 of the Complaint, DISH denies the

23   allegations set forth in the first and second sentences.  With respect to the third and

24   fourth sentences of Paragraph 46, DISH admits that they purport to quote from an

25   unspecified DISH service agreement, respectfully refers the Court to that agreement

26   for a complete and accurate statement of its terms and otherwise denies the

27   allegations.

28   / / /

DISH ANSWER
CASE NO. CV12-0453- DMG-SHx-

1    47.    With respect to Paragraph 47 of the Complaint, DISH denies the
2    allegations.

3    48.    With respect to Paragraph 48 of the Complaint, DISH denies the
4    allegations.

5                              **"<u>COUNT III</u>"**

6    **"(CONTRIBUTORY COPYRIGHT INFRINGEMENT IN VIOLATION OF**
7    **THE COPYRIGHT ACT, 17 U.S.C. § 101, *ET. SEQ.*)"**

8    49.    DISH incorporates by reference its answers to Paragraphs 1-31 and 37-
9    39 of the Complaint, as if fully set forth herein.

10   50.    With respect to Paragraph 50 of the Complaint, DISH denies the
11   allegations set forth in the first sentence.  With respect to the remainder of
12   Paragraph 50, DISH admits that the Paragraph purports to quote from an
13   unspecified DISH customer agreement and respectfully refers the Court to that
14   agreement for a complete and accurate statement of its terms and otherwise denies
15   the allegations set forth in that Paragraph.

16   51.    With respect to Paragraph 51 of the Complaint, DISH denies the
17   allegations.

18   52.    With respect to Paragraph 52 of the Complaint, DISH denies the
19   allegations set forth in the first sentence.  With respect to the remainder of
20   Paragraph 52, DISH admits that it purports to quote from an unspecified DISH
21   customer agreement and respectfully refers the Court to that agreement for a
22   complete and accurate statement of its terms and otherwise denies the allegations
23   set forth in that Paragraph.

24   53.    With respect to Paragraph 53 of the Complaint, DISH admits that it
25   receives payment from DISH subscribers who possess the Hopper and otherwise
26   denies the allegations.

27   54.    With respect to Paragraph 54 of the Complaint, DISH denies the
28   allegations.

DISH ANSWER
CASE NO. CV12-0453- DMG-SHx-

55.    With respect to Paragraph 55 of the Complaint, DISH denies the allegations.

### "**PRAYER FOR RELIEF**"

With respect to NBC's "Prayer for Relief," including each subpart thereto, DISH denies that NBC is entitled to any relief, and avers that judgment should be entered in DISH's favor.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint and each cause of action therein are barred in whole or in part by the doctrines of laches, waiver, estoppel and acquiescence.

### THIRD DEFENSE

The Complaint and each cause of action there in are barred in whole or in part by the doctrine of unclean hands.

### FOURTH DEFENSE

DISH and its subscribers were authorized and/or licensed by the Plaintiffs, including subsidiaries and other related entities, to engage in the allegedly infringing conduct.

### FIFTH DEFENSE

The conduct of DISH and its subscribers is authorized and licensed by 17 U.S.C. §§ 119 and 122.

### SIXTH DEFENSE

The conduct of DISH and its subscribers constitutes fair use pursuant to 17 U.S.C. § 107.

### SEVENTH DEFENSE

Enforcement of Plaintiffs' copyrights is precluded by 17 U.S.C. § 110(11).

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTH DEFENSE**

Enforcement of Plaintiffs' copyrights is precluded by the doctrine of copyright misuse.

**NINTH DEFENSE**

The Plaintiffs' copyright infringement claims fail to the extent that the Plaintiffs do not own the alleged copyrights asserted in their claims and/or copyright registrations in the claimed works.

**TENTH DEFENSE**

The Plaintiffs chose an improper venue for this action.

**<u>DEMAND FOR JURY TRIAL</u>**

DISH hereby demands a trial by jury on the Complaint.

Dated:        July 30, 2012               Orrick, Herrington & Sutcliffe LLP


By:_____ */s/ William A. Molinski*_____
WILLIAM A. MOLINSKI
Attorneys for Defendants
DISH Network Corporation and
DISH Network L.L.C.