ROBERT H. ROTSTEIN (72452)
rxr@msk.com
PATRICIA H. BENSON (60565)
  phb@msk.com
JEAN PIERRE NOGUES (84445)
  jpn@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiffs,
NBC Studios, LLC, Universal Network Television
LLC, Open 4 Business Productions LLC, and
NBCUniversal Media, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NBC STUDIOS, LLC; UNIVERSAL NETWORK TELEVISION, LLC; OPEN 4 BUSINESS PRODUCTIONS LLC; and NBCUNIVERSAL MEDIA, LLC,<br><br>              Plaintiffs,<br><br>        v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK L.L.C.,<br><br>              Defendants. | Case No. 2:12-cv-04536-DMG-SH<br><br>**NBCUNIVERSAL MEDIA, L.L.C.'S OPPOSITION TO DISH NETWORK CORPORATION AND DISH NETWORK L.L.C.'S MOTION TO DISMISS COUNTS V AND VI OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   INTRODUCTION .................................................................................1

II.   RELEVANT PROCEDURAL BACKGROUND ...........................................3

III.   THE COURT SHOULD DENY DISH'S MOTION OR, IN THE
ALTERNATIVE, DEFER RULING UNTIL THE NEW YORK
COURT DECIDES NBCU'S PENDING MOTION TO TRANSFER
THE REMAINING NEW YORK CLAIM AGAINST NBCU TO
CALIFORNIA .........................................................................................5

    A.   The Issue Of A Compulsory Counterclaim Will Be Irrelevant If
The New York Motion To Transfer Is Granted, And In Any Event
Does Not Require Dismissal .................................................................6

    B.   The New York Court Has Not "Already Ruled" On Any Transfer
Motion, Let Alone On NBCU's Pending Motion To Transfer.............9

    C.   The Law Of The Case Doctrine Is Inapplicable ................................11

    D.   Unless New York Court Determines That Transfer Is
Unwarranted, The "First-Filed" Doctrine Is Irrelevant .....................11

IV.   Conclusion .........................................................................................12

**NBC'S OPPOSITION TO DISH CORPORATION AND DISH NETWORK L.L.C.'S
MOTION TO DISMISS**

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## CASES

*Adam v. Jacobs*,
   950 F.2d 89 (2d Cir. 1991) ...................................................................... 7

*Alltrade, Inc. v. Uniweld Products, Inc.*,
   946 F.2d 622 (9th Cir.1991) ............................................................. 11, 12

*Asset Allocation & Mgmt. v. Western Employers Ins.*,
   892 F. 2d 566 (7th Cir. 1989) ................................................................. 7

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800 (1988) .............................................................................. 11

*Cusano v. Klein*
   196 F. Supp. 2d 1007 (C.D. Cal. 2002) ............................................... 11

*Cypress Equipment Fund, Ltd. v. Royal Equipment, Inc.*,
   No. C–96–3783 MMC, 1997 WL 106137 (N.D. Cal. Jan. 13, 1997) ............... 12

*EMC Corp. v. Bright Response, LLC*,
   (No. C-12-2841 EMC) 2012 WL 4097707 (N.D. Cal. 2012) ............................ 11

*Englewood Lending Inc. v. G&G Coachella Investments, LLC*
   651 F. Supp. 2d 1141 (C.D. Cal. 2009) ............................................ 3, 6

*Essex Crane Rental Corp. v. Vic Kirsch Const. Co., Inc.*,
   486 F. Supp. 529 (S.D.N.Y. 1980) ......................................................... 9

*Gardner v. GC Services, LP*,
   No. 10-CV-997-IEG (CAB), 2010 WL 2721271 (S.D. Cal. July 6, 2010) ....... 12

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*
   820 F. Supp. 503 (C.D. Cal 1992) ...................................................... 11

*Hydranautics v. FilmTec Corp.*,
   70 F.3d 533 (9th Cir. 1995) ................................................................... 7

*Inforizons, Inc. v. VED Software Services, Inc.*,
   204 F.R.D. 116 (N.D. Ill. 2001) ............................................................ 6

Mitchell
Silberberg &
Knupp LLP

ii

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*J. Lyons & Co. Ltd v. Republic of Tea, Inc.*,
    892 F. Supp. 486 (S.D.N.Y. 1995) ........................................................ 6

*Kolko v. Holiday Inns, Inc.*,
    672 F. Supp. 713 (S.D.N.Y. 1987) ........................................................ 9

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir.1982) ................................................................. 12

*Sage Realty Corp. v. Insurance Co. of N. Am.*,
    34 F.3d 124 (2d Cir. 1994) .................................................................. 7

*Sobiech v. International Staple & Mach. Co.*,
    No. 85 Civ. 7529 (JFK), 1986 WL 1815 (S.D.N.Y. January 31, 1986)............ 10

*Southern Construction Co., Inc. v. Pickard*,
    371 U.S. 57 (1962) .......................................................................... 7, 8

*Techshell, Inc. v. Incase Designs Corp.*,
    No. C-11-04576-YGR, 2012 WL 692295 (N.D. Cal. Mar. 2, 2012)................ 10

*Ticketmaster L.L.C. v. RMG Technologies, Inc.*,
    536 F. Supp. 2d 1191 (C.D. Cal. 2008) ............................................... 3, 6

*U.S. Lines Co. v. MacMahon*,
    285 F.2d 212 (2d Cir. 1960) ............................................................... 10

### STATUTES

28 U.S.C.
    § 1404 ............................................................................................ 5
    § 1404(a) ..................................................................................... 2, 9
    § 2201 ............................................................................................ 9

Mitchell
Silberberg &
Knupp LLP

4918404.1

iii

1

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

**OTHER AUTHORITIES**

3-13 Moore's Federal Practice - Civil § 13.10 (Matthew Bender 2012) ................... 7

Fed. R. Civ. P.
    12(b)(1) .......................................................................................................... 9
    12(b)(6) .......................................................................................................... 9
    13 .................................................................................................................... 7
    13(a) ....................................................................................................... 6, 7, 8

Mitchell
Silberberg &
Knupp LLP

4918404.1

iv

1

## I.   <u>INTRODUCTION</u>

2      Tucked within the last sentence of the four-page "background" section of

3   their brief, defendants DISH Network Corp. and DISH Network, L.L.C.

4   (collectively, "DISH") hide the single most important fact applicable to their

5   motion to dismiss the two contract claims asserted by NBCUniversal Media LLC

6   ("NBCU") – *i.e., that three weeks before DISH filed the instant motion, NBCU*

7   *filed a motion in the New York action to transfer all contract-related claims*

8   *involving NBCU to California (the "New York Transfer Motion"), which is*

9   *already fully briefed before Judge Laura Taylor Swain in the Southern District*

10  *of New York*.  *See* Motion 4:27-5:2.

11     NBCU brought the New York Transfer Motion to prevent the extraordinary

12  inefficiencies that would result from litigating identical contract interpretation

13  issues in two separate actions on two different coasts – a situation that would have

14  existed *whether or not* NBCU had asserted the breach of contract claims that DISH

15  is moving to dismiss here.  That is because weeks before NBCU amended its

16  complaint in this California action to add claims for breach of contract, ***DISH*** *itself*

17  injected its contract contentions into this action by way of affirmative defense to

18  NBCU's claims for copyright infringement.[1]

19     If the New York Court grants NBCU's New York Transfer Motion, all of

20  the parties' contract claims will be before this Court, and Defendants' Motion to

21  Dismiss – which hinges entirely on the fact that as of this moment there are

22  contract claims pending in New York – will be moot.  Accordingly, DISH's

23  motion should be denied outright, or at least be deferred until after the New York

24  court rules on the New York Transfer Motion.

25

26

27

28

---

[1] Notably, DISH has never denied that the affirmative defense it asserts in
California and the declaratory relief claim it asserts in New York are based on, and
will require interpretation of, the identical provisions of the identical contract.

Mitchell
Silberberg &
Knupp LLP

4918404.1

**NBC'S OPPOSITION TO DISH CORPORATION AND DISH NETWORK L.L.C.'S
MOTION TO DISMISS**

1    DISH tries to argue that the New York Court "has already decided that the

2    contract claims are properly heard there" (Motion at 2:7-8).  DISH is mistaken.

3    The New York Court ruled *only* that DISH'S contract-based declaratory judgment

4    claims against NBCU should not be dismissed as an improper anticipatory filing.

5    At the time of that ruling, DISH had not yet asserted its contract-based affirmative

6    defense in California, and NBCU had not yet amended its complaint here to add

7    contract claims, so the New York Court could not have considered, let alone

8    decided, the issue now before it on NBCU's New York Transfer Motion – *i.e.,*

9    whether DISH's declaratory contract claims against NBCU in the New York

10   Action should be transferred to California pursuant to 28 U.S.C. §1404(a) in the

11   interests of justice and judicial efficiency, so that identical contract interpretation

12   issues are not being litigated in two courts.  There is simply no rational reason why

13   both the Southern District of New York and the Central District of California

14   should analyze and construe the identical terms of the identical contract to

15   determine the identical issue, namely, whether or not DISH is permitted by that

16   contract to engage in the business conduct NBCU has challenged.  It is not

17   surprising, therefore, that DISH has never ever articulated any such reason, either

18   in its opposition to the pending New York Transfer Motion, or here.  Nor is it

19   surprising that there is apparently no precedent for two courts leaving in place a

20   procedural tangle of that nature requiring an absurdly duplicative judicial

21   undertaking.[2]

22       DISH also argues that because the New York court did not dismiss its

23   contract declaratory relief claims as anticipatory, the "law of the case" doctrine

24   somehow requires *this* Court to dismiss NBCU's breach of contract claims.  Again

25

26   _____
     [2] As we have advised Judge Swain and now this Court, diligent research has failed
     to disclose – and DISH has obviously failed to cite -- *a single case* decided under
27   28 U.S.C. § 1404(a) that left in place the result that DISH advocates, namely, a
     lawsuit cloven in two in which two different district courts will be required to
28   interpret the same provisions of the same contracts to decide claims that address
     the same set of operative facts.

Mitchell
Silberberg &
Knupp LLP

4918404.1

1   DISH is wrong.  The law of the case doctrine applies only to a ruling made in the

2   same case.  Of course, the New York action is an entirely separate action from this

3   California action.

4        In sum, stripped of its fatally flawed "already decided" and "law of the case"

5   arguments, DISH's motion depends on the continued existence of *the remaining*

6   *claim in* its declaratory relief complaint against NBCU in New York.  If the New

7   York Court transfers that claim to California, there will be no basis for DISH's

8   motion.[3]

9   **II.     RELEVANT PROCEDURAL BACKGROUND**

10       In an apparent effort to obfuscate the fact that NBCU has filed the New

11  York Transfer Motion, seeking to transfer the remaining portion of DISH's New

12  York declaratory relief action to California, the "background" section of DISH's

13  Motion devotes pages to matters that are irrelevant to any issue before this Court,

14  including lengthy quotations from (i) prior NBCU briefs stating (accurately) that

15  NBCU could not tell from DISH's original, skeletal declaratory relief action what

16  contract provisions DISH contended were in dispute; and (ii) an argument that

17  ***Fox*'s** counsel made at a TRO hearing in New York at which DISH sought to

18  enjoin ***Fox*** from proceeding with ***Fox's*** California action.  *See* Motion at 3, 4.

19  Given DISH's attempt to muddy the waters, a brief summary of the relevant

20  procedural history is in order.

21

22  _____

23  [3] If the New York action against NBCU is transferred to California, it obviously
    will be related to the instant case.  Given DISH's affirmative defense that the
    Retransmission Agreement authorizes it to operate and offer PTAT and AutoHop
24  and NBCU's affirmative claims that this very conduct breaches the Retransmission
    Agreement, DISH's declaratory relief claim will be superfluous and likely
    dismissed. *See, e.g., Englewood Lending Inc. v. G&G Coachella Investments, LLC*
25  651 F. Supp. 2d 1141, 1143-44 (C.D. Cal. 2009) (dismissing counterclaims for
    declaratory relief as "unnecessary" and "superfluous" given claimants' denial of
26  liability and assertion of certain affirmative defenses.); *Ticketmaster L.L.C. v.
    RMG Technologies, Inc.*, 536 F. Supp. 2d 1191, 1199 (C.D. Cal. 2008) (dismissing
27  counterclaim for declaratory relief as "duplicative, and a needless waste of judicial
    resources" where defendant had asserted affirmative defense on the same grounds,
28  and any benefit of the declaratory relief action could be "fully realized in this
    context.")

Mitchell
Silberberg &
Knupp LLP

4918404.1

3

**NBC'S OPPOSITION TO DISH CORPORATION AND DISH NETWORK L.L.C.'S
MOTION TO DISMISS**

1    On May 24, 2012, DISH and NBCU each filed Complaints against the other

2    arising out of DISH's PrimeTime Anytime ("PTAT") and AutoHop services.

3    DISH's bare-bones New York Complaint sought a declaration that, by operating

4    and offering PTAT and AutoHop, it had not infringed unspecified NBCU

5    copyrights and had not breached unidentified provisions of the Retransmission

6    Agreement between NBCU and DISH ("Retransmission Agreement).[4]   NBCU's

7    Complaint, filed in California an hour and 26 minutes later, alleged that DISH was

8    engaged in primary and secondary copyright infringement by virtue of PTAT and

9    AutoHop.  Motion 2:12-18.

10   On July 9, 2012, upon noticed motion, the New York Court dismissed

11   DISH's declaratory relief action against NBCU with respect to the copyright

12   infringement claims, finding that those claims constituted "an improper

13   anticipatory filing" and that there "is no useful or appropriate purpose in

14   entertaining Dish's declaratory judgment action to the extent it overlaps with the

15   litigation pending in the Central District of California."  July 9, 2012 Order

16   (Benson Decl., Ex. 2 ) (the "July 9 Order"), at 12.  The Court, however, allowed

17   the declaratory relief action as to the contract claims to remain in New York,

18   because NBCU had not at that time asserted a contract claim in California.  *Id.*

19   On July 30, 2012, the procedural landscape changed.  DISH filed its answer

20   to NBCU's California Complaint and injected its contract claims into the

21   California action by way of its Fourth Affirmative Defense.  That affirmative

22   defense alleges that "DISH and its subscribers were authorized and/or licensed by

23   the Plaintiffs, including subsidiaries and other related entities, to engage in the

24   allegedly infringing conduct."  Answer, Fourth Defense (Docket No. 29).  DISH's

25   assertion of this affirmative defense ensured that regardless of the existence of

26

27   _____

[4] On August 14, 2012, pursuant to stipulation of the parties, DISH filed a First
Amended Declaratory Judgment Complaint, specifying the contract provisions in
the Retransmission Agreement that it claimed gave it the "rights" to make PTAT
and AutoHop available to DISH subscribers. *See* Ex. 1 to Declaration of Patricia
H. Benson ("Benson Decl."), ¶¶ 39, 42, 57, 60.

28

Mitchell
Silberberg &
Knupp LLP

4918404.1

4

**NBC'S OPPOSITION TO DISH CORPORATION AND DISH NETWORK L.L.C.'S
MOTION TO DISMISS**

1  contract claims in the New York action, this Court would be required to interpret

2  the provisions of the Retransmission Agreement.

3       Thereafter, on August 20, 2012, NBCU amended its Complaint in this

4  Action to add counts for breach of contract and breach of the implied covenant of

5  good faith and fair dealing, both alleging that DISH has breached the

6  Retransmission Agreement as a result of PTAT and AutoHop.  *See* First Amended

7  Complaint ("FAC"), Counts V and VI (Docket No. 32).

8       On August 28, 2012, NBCU answered DISH's First Amended Complaint in

9  the New York action and simultaneously filed the New York Transfer Motion,

10  asking the New York Court to transfer DISH's "no breach of contract" declaratory

11  relief claim (the sole remaining claim against NBCU in the New York action) to

12  California pursuant to 28 U.S.C. §1404.[5]  Benson Decl., Exs. 3, 4.  The New York

13  Transfer Motion makes the obvious point that because DISH is relying on the

14  Retransmission Agreement to support both its affirmative defense in California and

15  its request for declaratory relief in New York, the ***only*** way to avoid duplication of

16  effort is to transfer to California the contract claims that remain in New York.

17       Three weeks after NBCU filed the New York Transfer Motion, DISH filed

18  this motion to dismiss.

19  **III.   THE COURT SHOULD DENY DISH'S MOTION OR, IN THE
        ALTERNATIVE, DEFER RULING UNTIL THE NEW YORK**

20  **COURT DECIDES NBCU'S PENDING MOTION TO TRANSFER
        THE REMAINING NEW YORK CLAIM AGAINST NBCU TO**

21  **CALIFORNIA**

22       DISH makes a series of arguments that either incorrectly suggest that the

23  New York Court has already ruled on the transfer issue raised by NBCU's Transfer

24

25  [5] Out of an excess of caution, NBCU included counterclaims for breach of contract
     in its Answer in New York that are in substance identical to those asserted in

26  NBCU's FAC here.  However, NBCU made clear in its New York Transfer
     Motion that it firmly believed those protectively-asserted counterclaims would be

27  more properly and efficiently heard in the Central District of California, where
     DISH had *already* asserted by Affirmative Defense that the very same contract

28  "authorizes" and "licenses" it to provide the PTAT and AutoHop services. *See*
     Ex. 4 to Benson Decl. at 4, fn. 5.

Mitchell
Silberberg &
Knupp LLP

4918404.1

1   Motion, or that this Court is legally obligated to dismiss NBCU's contract claims.

2   None of those arguments has merit.

3       **A.**    ***The Issue Of A Compulsory Counterclaim Will Be Irrelevant If The New York Motion To Transfer Is Granted, And In Any Event Does Not Require Dismissal***

4

5         DISH argues that the contract causes of action should be dismissed because

6   they are compulsory counterclaims in the New York action, and thus must be

7   litigated in New York.  But this argument would apply, if at all, only if the New

8   York court denies the already fully-briefed New York Transfer Motion.

9   Otherwise, the New York declaratory relief claim will be transferred to California,

10  where it will be superfluous and subject to dismissal.  *See, e.g., Englewood*

11  *Lending Inc. v. G&G Coachella Investments, LLC* 651 F. Supp. 2d 1141, 1143-44

12  (C.D. Cal. 2009) (dismissing counterclaims for declaratory relief as "unnecessary"

13  and "superfluous" given claimants' denial of liability and assertion of certain

14  affirmative defenses.); *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 536 F.

15  Supp. 2d 1191, 1199 (C.D. Cal. 2008) (dismissing counterclaim for declaratory

16  relief as "duplicative, and a needless waste of judicial resources" where defendant

17  had asserted affirmative defense on the same grounds, and any benefit of the

18  declaratory relief action could be "fully realized in this context.")

19        But this Court can deny DISH's motion outright even without waiting for

20  Judge Swain's ruling on NBCU's New York Transfer Motion, inasmuch as the

21  compulsory counterclaim rule relied upon by DISH does not require dismissal of

22  NBCU's contract claims in this case.  Fed. R. Civ. P. 13(a) does not prohibit a

23  party from filing a claim that would otherwise be a compulsory counterclaim in

24  another action.  *See, e.g., Inforizons, Inc. v. VED Software Services, Inc.*,

25  204 F.R.D. 116, 118 (N.D. Ill. 2001) ("Rule 13(a) does not expressly bar a party

26  from asserting an independent action that it could have brought as a compulsory

27  counterclaim in a pending action."); *J. Lyons & Co. Ltd v. Republic of Tea, Inc.*,

28  892 F. Supp. 486, 490 (S.D.N.Y. 1995) (noting that "the filing of the compulsory

Mitchell
Silberberg &
Knupp LLP
4918404.1

6

NBC'S OPPOSITION TO DISH CORPORATION AND DISH NETWORK L.L.C.'S
MOTION TO DISMISS

counterclaims in a separate action is not a violation of Rule 13"). Thus, federal courts have the power, but not the obligation, to dismiss claims that would be compulsory counterclaims in another case. *See, e.g., Asset Allocation & Mgmt. v. Western Employers Ins.*, 892 F. 2d 566, 572 (7th Cir. 1989) ("[T]he first court has power…to enjoin the defendant from bringing a separate suit against the plaintiff in another court, thereby forcing the defendant to either litigate his claim as a counterclaim or to abandon it….But it is a power, not a duty.").

A court should only exercise its power to dismiss causes of action that would be compulsory counterclaims in another case when dismissal would further the policies that undergird Rule 13(a). Those policies are economy, fairness and consistency. *See, e.g.*, *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995) (determination of applicability of Rule 13 dependent on "considerations of judicial economy and fairness [which] dictate that all the issues be resolved in one lawsuit."); *Sage Realty Corp. v. Insurance Co. of N. Am.*, 34 F.3d 124, 129 (2d Cir. 1994) ("resolution of the claims and counterclaims in one lawsuit would conserve judicial resources, thus furthering the underlying policies of Rule 13(a)"); *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (Rule 13(a) focuses on both on the logical relationship between the claims and whether "judicial economy and fairness dictate that all the issues be resolved in one lawsuit."); 3-13 Moore's Federal Practice - Civil § 13.10 (Matthew Bender 2012) ("the policies underlying the compulsory counterclaim rule [are] achieving economy, fairness, and consistency. . . .")

However, courts are free to retain such claims where, as here, dismissal would *not* promote the policies underlying Rule 13(a). *See Southern Construction Co., Inc. v. Pickard*, 371 U.S. 57, 60 (1962) (where defendant in two actions that were required to be filed in two different districts filed counterclaim in second action only, trial court erred in dismissing that counterclaim and requiring it to be filed in first action.) As the Supreme Court stated in *Pickard*: "The requirement that counterclaims arising out of the same transaction or occurrence as the

7

1  opposing party's claim 'shall' be stated in the pleadings was designed to prevent

2  multiplicity of actions and to achieve resolution in a single lawsuit all disputes

3  arising out of common matters…[¶].  It is readily apparent that this policy has no

4  application here." *Id*.

5        As was the case in *Pickard*, dismissing NBCU's affirmative contract claims

6  in this case and requiring them to be litigated as counterclaims in another

7  duplicative action between the same parties 3000 miles away, would not further the

8  policies underlying Rule 13(a).  Dismissal would not achieve judicial economy –

9  the issue of whether DISH has the contractual right to engage in the conduct

10  NBCU challenges here will be litigated in California *even if NBCU's contract*

11  *claims are dismissed*, because DISH's has asserted its alleged contract rights as an

12  affirmative defense to NBCU's copyright infringement claims.  For the same

13  reason, Rule 13(a)'s goal of "consistency" will not be advanced by dismissal of

14  NBCU's contract claims – there will still be the same risk of inconsistent rulings as

15  to whether DISH's conduct is contractually authorized.  And plainly, dismissal will

16  undermine, not promote, the policy of fairness.  That is because, by refusing to

17  dismiss its own "no breach of contract" declaratory relief claim in New York

18  (which is duplicative of its affirmative defense in California and the mirror image

19  of NBCU's breach of contract claims here), DISH is effectively demanding that

20  two different courts decide the same issues, and that NBCU must litigate the

21  identical issues in two lawsuits on two coasts.  No "compulsory counterclaim" case

22  that DISH has cited – and we are aware of none – dealt with such a situation, nor

23  countenanced such an extraordinary result.

24        In short, the purported existence of protectively asserted compulsory

25  counterclaims in New York does not support DISH's position here.

26

27

28

**B.      The New York Court Has Not "Already Ruled" On Any Transfer Motion, Let Alone On NBCU's Pending Motion To Transfer**

DISH argues that NBCU's New York Transfer Motion is a "renewal" of a motion it previously made.  Motion at 4:27-28.  Not so.  In response to DISH's original rushed-to-the-courthouse declaratory judgment complaint, NBCU moved for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. § 2201, or, in the alternative, to transfer or stay pursuant to 28 U.S.C. §§ 1404(a) and 2201.  That motion ("Motion to Dismiss") argued that DISH's original complaint should be dismissed on the grounds that (1) DISH's declaratory relief action was an improper anticipatory filing and (2) DISH's lawsuit served no useful purpose.  The Motion to Dismiss did ***not*** turn on judicial efficiency.  In its July 9 Order (Ex. 2 to Benson Decl.) the New York Court ruled on NBCU's primary motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and *never mentioned*, much less decided, the alternative § 1404(a) ground.

In stark contrast, NBCU's pending New York Transfer Motion is made pursuant to § 1404(a), and is based entirely on considerations of judicial efficiency that were not -- and could not have been -- presented to the New York Court in the previous motion.  This is so because when NBCU made its initial motion to dismiss in New York, DISH had not yet filed its answer in California that asserted as an affirmative defense the same contract theory as to which it seeks a judicial declaration in New York.

It is black letter law in the Second Circuit (and elsewhere) that a motion to transfer pursuant to Section 1404(a) may be made at any time, so long as the timing of the motion does not result in any undue delay.  *See, e.g., Kolko v. Holiday Inns, Inc.,* 672 F. Supp. 713, 716 (S.D.N.Y. 1987) ("Section 1404(a) sets no time limit at which a motion to transfer may be made."); *Essex Crane Rental Corp. v. Vic Kirsch Const. Co., Inc.,* 486 F. Supp. 529, 535 (S.D.N.Y. 1980) ("'[S]ince Sec. 1404(a) looks to sound judicial administration, a court is not

Mitchell
Silberberg &
Knupp LLP
4918404.1

1  foreclosed from ordering a transfer whenever the factors enumerated in the statute

2  are made to appear, whether this is at an early stage of the action or at a much later

3  point of time.'" (citation omitted)).  DISH has not argued in New York (because it

4  cannot) that the timing of NBCU's motion will cause undue delay.[6]

5       If the New York Court grants NBCU's Transfer Motion and transfers

6  DISH's contract declaratory judgment claim to California, there will be *no*

7  *remaining dispute* between these parties in New York.  Because all of DISH's

8  arguments depend on the existence of another pending suit between the parties in

9  New York, DISH's motion to dismiss here will be moot.  *See, e.g.*, *Sobiech v.*

10  *International Staple & Mach. Co.*, No. 85 Civ. 7529 (JFK), 1986 WL 1815, *1

11  (S.D.N.Y. January 31, 1986) (where first-filed case is transferred, motion to

12  dismiss in second-filed jurisdiction is moot).  Because the New York Court's

13  ruling may moot DISH's motion here, it is appropriate, at a minimum, for this

14  Court to defer ruling on the instant motion until the New York Court rules.

15  
---
16  [6] Moreover, even assuming *arguendo* that NBCU was reviving a previously
decided issue by asserting the counterclaims in this case and making the New York
Transfer Motion, the Second Circuit has explicitly held that an initially-denied
17  transfer motion may be refiled at a later stage of the same action based on
subsequent developments in the case.  *See U.S. Lines Co. v. MacMahon*, 285 F.2d
18  212 (2d Cir. 1960) ("The district court is not precluded from hearing and
considering any subsequent motion, if made, for transfer on the facts then
19  presented. . . . It may well be that facts will be developed in the course of pre-trial
procedures which would furnish grounds for further consideration of a motion
20  under 28 U.S.C. § 1404(a)."); *see also Techshell, Inc. v. Incase Designs Corp.*, No.
C-11-04576-YGR, 2012 WL 692295, *4 (N.D. Cal. Mar. 2, 2012) ("A motion to
21  transfer is perfectly appropriate ... on a showing of changed circumstances,
particularly when they frustrate the purpose of the change of venue.").  Here, the
22  landscape changed dramatically after the New York Court's July 9 Order, when
DISH itself asserted a contract-based affirmative defense in its answer to the
23  copyright infringement complaint in this action.  In addition, after DISH asserted
that affirmative defense, NBCU filed an amended complaint in this action to add
24  contract claims.  As a result of both of those developments, the New York and
California Action now inevitably overlap in a way they did not when the New
25  York Court issued its July 9 Order:  at a minimum, resolution of DISH's
affirmative defense to NBCU's copyright infringement claims in this case – which
26  are only pending here -- will require resolution of the same issues as will need to
be decided in the New York contract dispute, and NBCU's amended contract
27  claims in this Action only increase the overlap.  Again, as Judge Swain noted in
her July 9 Order, there "is no useful or appropriate purpose in entertaining Dish's
28  declaratory judgment action to the extent it overlaps with the litigation pending in
the Central District of California."  July 9, 2012 Order (Benson Decl., Ex. 2) at 12.

Mitchell
Silberberg &
Knupp LLP

10

**NBC'S OPPOSITION TO DISH CORPORATION AND DISH NETWORK L.L.C.'S
MOTION TO DISMISS**

## C.     The Law Of The Case Doctrine Is Inapplicable

DISH argues that the New York Court's July 9 Order allowing DISH's contract declaratory judgment claim against NBCU to continue in New York requires this Court to dismiss NBCU's contract claims here under the "law of the case" doctrine.  Motion 7:3-27.  That argument is simply wrong.  "'[T]he doctrine of [the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages *in the same case.*'": *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citation omitted, emphasis added).  Unlike *Christianson* and the two other "authorities" cited by DISH, this California case is not (and never has been) the same case as the separately filed New York action.[7]  Thus, the law of the case doctrine is simply inapplicable.

## D.     Unless New York Court Determines That Transfer Is Unwarranted, The "First-Filed" Doctrine Is Irrelevant

DISH argues that the "first-filed" doctrine requires this Court to dismiss NBCU's contract claims.  Motion 8:2-9:5.  Again, this assertion ignores that the New York Court, the purported "first-filed" Court, is currently deciding whether to transfer *despite* the "first-filed" doctrine.  *See, e.g., Alltrade, Inc.*, 946 F.2d at 628; *EMC Corp. v. Bright Response, LLC*, (No. C-12-2841 EMC) 2012 WL 4097707 at

---

[7]  *Christianson* involved only one action, in contrast to the facts here, and the circumstances there were not at all analogous.  In *Christianson*, the plaintiff moved to transfer a Federal Circuit appeal to the Seventh Circuit on the ground that the claims in the case did not "arise under" federal patent law.  The Federal Circuit granted the transfer motion, but the Seventh Circuit, *sua sponte*, transferred the appeal back to the Federal Circuit.  The Supreme Court noted that in transferring the case back to the Federal Circuit, which had already ruled it did not have jurisdiction, the Seventh Circuit had "departed from the law of the case."  486 U.S. 800 at 817.  Likewise, *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.* 820 F. Supp. 503 (C.D. Cal 1992) also involved a single case and is similarly inapposite.  There, after the plaintiff in New York moved for summary judgment, one defendant cross-moved to transfer the case to the Central District of California.  The New York court denied the summary judgment motion on its merits, and granted the transfer motion.  After transfer, Plaintiff made the same summary judgment motion in California, which the California court denied based on "law of the case."  820 F. Supp.at 512.  *Cusano v. Klein* 196 F. Supp. 2d 1007 (C.D. Cal. 2002), also cited by DISH, similarly involved rulings made within a single case.

1   *3 (N.D. Cal. 2012) ("despite the relevance of § 1404 to application of the first-to-

2   file rule, it is typically the first-filed court that should make this determination in

3   the first instance.").[8]

4

5   **IV.   <u>Conclusion</u>**

6        For all of the foregoing reasons, NBCU respectfully requests that this Court

7   deny DISH's motion in its entirety, or, in the alternative, defer ruling on DISH's

8   motion pending resolution of NBCU's New York Transfer Motion, which may

9   moot all of the issues raised therein.

10

11  Dated:  October 19, 2012          RESPECTFULLY SUBMITTED,

12                                    ROBERT H. ROTSTEIN
                                      PATRICIA H. BENSON
13                                    JEAN PIERRE NOGUES
                                      MITCHELL SILBERBERG & KNUPP LLP
14

15

16                                    By: s/ Robert H. Rotstein
                                          Robert H. Rotstein
17                                        Attorneys for Plaintiffs,
                                          NBC Studios, LLC, Universal Network
18                                        Television LLC, Open 4 Business
                                          Productions LLC, and NBCUniversal
19                                        Media, LLC

20  _____
     [8] Even were this an appropriate inquiry for this Court, the Ninth Circuit
21  consistently has held that the "first to file" rule "is not a rigid or inflexible rule to
     be mechanically applied, but rather is to be applied with a view to the dictates of
22  sound judicial administration."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d
     93, 95 (9th Cir.1982); *see also Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d
23  622, 628 (9th Cir.1991) (A court "can, in the exercise of [its] discretion, dispense
     with the 'first-filed' principle for reasons of equity.").  Here, it would be
24  nonsensical to require the contract claims to be tried in New York, when the
     identical issues will be presented here by way of affirmative defense, regardless.
25  *See, e.g.*, *Gardner v. GC Services, LP*, No. 10-CV-997-IEG (CAB), 2010 WL
     2721271, *7 (S.D. Cal. July 6, 2010) (declining to exercise discretion to dismiss
26  second-filed case where "the application of the 'first to file' rule would not result
     in any significant conservation of judicial resources."); *Cypress Equipment Fund,
27  Ltd. v. Royal Equipment, Inc.*, No. C–96–3783 MMC, 1997 WL 106137, *9 (N.D.
     Cal. Jan. 13, 1997) (declining to exercise discretion to dismiss second-filed case
28  where "Judicial economy mandates resolution of Royal's objections in the context
     of the confirmation proceedings in this Court.").

Mitchell
Silberberg &
Knupp LLP

4918404.1

NBC'S OPPOSITION TO DISH CORPORATION AND DISH NETWORK L.L.C.'S
MOTION TO DISMISS