UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-04536 DMG (SHx)** | Date | November 8, 2012 |
|---|---|---|---|

| Title | *NBC Studios, LLC, et al. v. Dish Network Corp., et al.* | Page | 1 of 6 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING DEFENDANTS' MOTION TO DISMISS [Doc. # 41]**

This matter is before the Court on the Motion to Dismiss Counts V and VI of the First Amended Complaint ("FAC") filed by Defendants Dish Network Corporation and Dish Network LLC ("Dish") on September 18, 2012 [Doc. # 41]. The Motion was originally set for hearing on November 9, 2012. The Court deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Defendants' motion is DENIED.

**I.   BACKGROUND**

On May 24, 2012, Plaintiffs, NBC Studios LLC, Universal Network Television LLC, Open 4 Business Productions LLC, and NBCUniversal Media LLC ("NBC"), filed a Complaint in this Court against Dish as well as Defendants EchoStar Corporation and EchoStar Technologies LLC, alleging copyright infringement [Doc. # 1]. On the same day, Defendant Dish Network LLC filed in the Southern District of New York a complaint for declaratory judgment against NBCUniversal Media LLC ("New York Complaint"). *See Dish Network LLC et al. v. Am. Broad. Cos. Inc. et al.*, 12-CV-04155 (S.D.N.Y. May 24, 2012), Declaration of William Molinski, ¶ 4, Exh. B. The New York Complaint sought a determination that Dish has not infringed on any copyright owned by NBC or the other major networks, and that Dish has not violated any of its contractual agreements with NBC or the other major networks. *Id.* Dish filed the New York Complaint, which has since been amended ("New York FAC"), less than three hours before NBC filed the Complaint in this Court. *See id.*, ¶ 3, Exh. A at 4.

On May 30, 2012, Dish filed a request for an anti-suit injunction in New York. *See* Molinski Decl., ¶ 3, Exh. A at 5. On June 8, 2012, NBC moved to dismiss, stay, or transfer the New York action to this Court. *Id.* On July 9, 2012, Hon. Laura Taylor Swain, United States District Judge, denied the anti-suit injunction and declined to exercise jurisdiction over Dish's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-04536 DMG (SHx)** | Date | November 8, 2012 |
| Title | *NBC Studios, LLC, et al. v. Dish Network Corp., et al.* | Page | 2 of 6 |

declaratory judgment copyright claims against NBC.[1] *Id.* at 16. Finding that the New York Complaint was an improper anticipatory filing, Judge Swain noted, "there is no useful or appropriate purpose in entertaining Dish's declaratory judgment action to the extent that it overlaps with the litigation pending in the Central District of California." *Id.* at 15. Judge Swain dismissed the New York Complaint as to NBC's copyright claims, but it did not dismiss as to the contract claims because they had not been asserted in California. *Id.*

On July 30, 2012, Dish filed an answer to the Complaint in this Court, asserting as its Fourth Defense that it is "authorized and/or licensed" to engage in the allegedly infringing conduct described in the Complaint [Doc. # 29]. On August 17, 2012, NBC filed the operative FAC in this Court, asserting for the first time claims for breach of contract and the implied covenant of good faith and fair dealing [Doc. # 32].[2] On August 29, 2012, NBC filed a second motion to transfer the New York action to this Court, which remains pending in New York. On the same day, NBC filed an answer to Dish's New York FAC, asserting counterclaims for breach of contract. Molinski Decl., ¶ 13, Exh. K.

## II.   LEGAL STANDARD

Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a defendant to challenge a complaint for improper venue. In considering such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC,* 552 F.3d 1077, 1081 (9th Cir. 2009). Once venue is challenged, a plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). If the Court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III.   ANALYSIS

Dish argues that the newly asserted contract claims in the FAC are not properly before this Court based on the law of the case, Fed. R. Civ. P. 13(a), and the first-to-file rule.

---

[1] The July 9 Order also granted a motion to dismiss filed by the Fox Plaintiffs.

[2] The Court notes that neither party has filed the disputed contracts in this action or revealed to the Court whether the contracts dictate a particular forum or choice of law. The record suggests, however, that the contracts are governed by New York law and, by extrapolation from the parties' resounding silence on the issue, do not contain a forum-selection clause. *See* Supplemental Declaration of William Molinski, ¶ 3, Exh. 1 at 10-11 (statement by Dish counsel at hearing in New York action that NBC's retransmission contract with Dish is "governed by New York law").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-04536 DMG (SHx) | Date | November 8, 2012 |
|---|---|---|---|
| Title | *NBC Studios, LLC, et al. v. Dish Network Corp., et al.* | Page | 3 of 6 |

### A.     The Law of the Case Doctrine Does Not Apply

First, Dish is incorrect that the New York court's decision to proceed on the contract dispute is the "law of the case" under *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988). As the Court in *Christianson* explained, the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages *in the same case*." (internal citation omitted) (emphasis added). While the rule applies with equal or greater force to "transfer decisions of coordinate courts," *id.*, it does not apply to decisions of sister courts in separate proceedings. *See In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 749 (D.C. 2006) (in an action to enforce a subpoena in a separate consumer lawsuit in a different district, actions were "separate case[s]" for purposes of the law of the case doctrine). Moreover, the doctrine is discretionary. *See United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 787 (9th Cir. 2000).

This case is not before this Court as the result of a transfer from New York. Rather, the New York and California actions are separate suits, notwithstanding that they are between the same parties and involve the same underlying facts. Accordingly, the law of the case doctrine does not apply and Judge Swain's decision to allow contract claims to proceed in New York is not binding on this Court. *See Christianson*, 486 U.S. at 816.

### B.     Neither Rule 13(a) Nor the First-to-File Rule Mandate Dismissal of Plaintiffs' Contract Claims

Rule 13(a) requires that a pleading state each claim that a pleader has against an opposing party that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." *See also In re Marshall*, 600 F.3d 1037, 1058-59 (9th Cir. 2010) (applying a "logical relationship" test to determine whether counterclaims were compulsory under Rule 13(a)) (citing *Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1249-51 (9th Cir. 1987). The purpose of Rule 13(a) is to "prevent multiplicity of litigation and to promptly bring about resolution of disputes before the court." *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010); *see also Haudranautics v. FilmTec Corp.*, 70 F.3d 533, 546 (9th Cir. 1995) (noting that the determination whether a counterclaim is compulsory includes whether "judicial economy and fairness dictate that all the issues be resolved in one lawsuit").

Courts may dismiss or stay an action where claims properly characterized as compulsory counterclaims are brought in a second suit, but they are not required to do so. *See S. Constr. Co.,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-04536 DMG (SHx) | Date | November 8, 2012 |
| Title | NBC Studios, LLC, et al. v. Dish Network Corp., et al. | Page | 4 of 6 |

*Inc. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962) ("The requirement that counterclaims arising out of the same transaction or occurrence . . . 'shall' be stated in the pleadings was designed to prevent multiplicity of action, and to achieve resolution in a single lawsuit all disputes arising out of common matters."); *J. Lyons & Co. Ltd v. Republic of Tea, Inc.*, 892 F. Supp. 486, 490 (S.D.N.Y. 1995) ("While the filing of compulsory counterclaims in a separate action is not a violation of Rule 13(a), it does contravene the purpose of the Rule in that it creates a multiplicity of actions, wastes judicial resources, and unduly burdens the litigation process."). Similarly, while a court may enjoin a defendant from bringing a second suit against the plaintiff rather than asserting counterclaims, this authority should be exercised "with due regard for the balance of convenience in litigating the parties' disputes in one forum rather than another." *Asset Allocation and Mgmt Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 572 (7th Cir. 1989).

In cases where, as here, parties initiate litigation in different venues based on the same underlying transactions, Rule 13(a) operates in tandem with the so-called first-to-file rule. The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Ruckus Wireless, Inc. v. Harris Corp.*, No. CV 11-01944, 2012 WL 588792 at *2 (N.D. Cal. Feb. 22, 2012) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir.1982)). Like Rule 13(a), however, the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Id.* at 95. Some courts apply a rebuttable presumption that the second-filed suit should be abated in favor of the first, finding exceptions where the first-filed action was an improper anticipatory suit, the plaintiff in the second-filed suit might face jurisdictional obstacles in the first forum, or the first-filed action was brought in bad faith. *See, e.g.*, *J. Lyons & Co. Ltd.*, 892 F. Supp. at 490; *Asset Allocation*, 892 F.2d at 573. One court has noted that

> Special circumstances may exist where there are several actions presenting the same issue pending in the district of the second-filed suit and the first-filed declaratory judgment action had been filed in anticipation of the second suit or where forum shopping alone motivated the choice of forum in the filing of the first suit.

*J. Lyons & Co. Ltd.*, 892 F. Supp. at 491 (citing *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978)).

Thus, where dismissal would not serve the interests of judicial economy and convenience, courts are not required to dismiss claims that could have been brought as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-04536 DMG (SHx)** | Date | November 8, 2012 |
|---|---|---|---|
| Title | *NBC Studios, LLC, et al. v. Dish Network Corp., et al.* | Page | 5 of 6 |

compulsory counterclaims in an earlier-filed suit. *See Pacesetter*, 678 F.2d at 95 ("Circumstances and modern judicial reality . . . may demand that we follow a different approach from time to time.") (internal citation omitted).

Having considered the totality of the circumstances, the Court finds that dismissal of Plaintiffs' contract claims would not serve the fundamental interests that underlie Rule 13(a) and the first-to-file rule. The claims at issue are within the definition of compulsory counterclaims under Rule 13(a) as they involve the same parties and the same transaction and do not require inclusion of additional parties. *See Pochiro*, 827 F.2d at 1249. NBC has, in fact, asserted the very same claims as counterclaims in the New York action, *see* Molinski Decl., ¶ 13, Exh. K, and Dish has asserted contractual authorization as a defense to the copyright claims here [Doc. # 29]. The unique posture of this case in relation to the New York action, however, militates against dismissal of the claims in light of the policy justifications for both rules. *See Pickard*, 371 U.S. at 60 (declining to dismiss otherwise compulsory counterclaims where the underlying policy interests would not be served by dismissal from a second-filed action).

First, Judge Swain has already determined that the copyright claims will not go forward in New York because Dish's suit there, although filed first, was an improper anticipatory suit. Molinski Decl., ¶ 3, Exh. A at 15. Judge Swain concluded that there was "no useful or appropriate purpose in entertaining Dish's declaratory judgment action to the extent that it overlaps with the litigation pending in the Central District of California." *Id.* at 15. Dismissal of the contract claims under the present circumstances would force the parties to litigate their interrelated copyright and contract claims in both New York and California, a result particularly inefficient in the context of a copyright infringement suit. *See S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989) (noting that exceeding the scope of an exclusive license agreement constitutes copyright infringement); *Adobe Sys. Inc. v. One Stop Micro, Inc.*, 84 F. Supp. 2d 1086, 1092 (N.D. Cal. 2000) (same); *Sun Microsystems, Inc. v. Microsoft Corp.*, 81 F. Supp. 2d 1026, 1031 (N.D. Cal. 2000) (same). Accordingly, dismissal of the contract claims from this action would undermine judicial economy and convenience by guaranteeing that the issues will be adjudicated in two fora. *See Pacesetter*, 678 F.2d at 98 (noting that dismissal is proper where the first forum is capable of efficiently resolving all issues).

Second, the July 9, 2012 order makes clear that Judge Swain declined to dismiss the contract claims from the New York action only because similar claims were not then pending in this Court. Molinski Decl., ¶ 3, Exh. A at 15. Thus, that decision appears to have been motivated by a desire to preserve Dish's right to litigate the contract claims in *some forum*, not necessarily to litigate them *in New York*. This is consistent with Judge Swain's decision to dismiss the claims as to the Fox Plaintiffs in their entirety because the same issues were also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-04536 DMG (SHx)** | Date | November 8, 2012 |
|---|---|---|---|
| Title | *NBC Studios, LLC, et al. v. Dish Network Corp., et al.* | Page | 6 of 6 |

pending in this Court.[3]  *See id.*  Accordingly, allowing the contract claims to proceed in this Court will further the interests of fairness, judicial economy, and efficiency that likely motivated Judge Swain in the July 9, 2012 order.  *See Hydranautics*, 70 F.3d at 533.

### IV.    CONCLUSION

Having considered the unique circumstances presented here, the Court finds that dismissal of the contract claims would subvert rather than serve the policy objectives of Rule 13(a) and the first-to-file rule.  Accordingly, Defendants' motion to dismiss Counts V and VI of the FAC is **DENIED**.  The November 9, 2012 hearing is **VACATED**.

**IT IS SO ORDERED.**

---

[3] The Court also notes Judge Swain's observation that "the Networks have ties to the Southern District [of New York] in addition to their ties to the Central District of California; [Dish's arguments] do not persuade the Court that the Southern District is a plainly superior venue." Molinski Decl., ¶ 3, Exh. A at 14 n.4 (emphasis in original).