ROBERT H. ROTSTEIN (72452)
 rxr@msk.com
PATRICIA H. BENSON (60565)
 phb@msk.com
JEAN PIERRE NOGUES (84445)
 jpn@msk.com
J. MATTHEW WILLIAMS (Admitted *Pro Hac Vice*)
 mxw@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
NBC Studios, LLC, Universal Network Television
LLC, Open 4 Business Productions LLC, and
NBCUniversal Media, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NBC STUDIOS, LLC; UNIVERSAL NETWORK TELEVISION, LLC; OPEN 4 BUSINESS PRODUCTIONS LLC; and NBCUNIVERSAL MEDIA, LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK L.L.C., ECHOSTAR CORPORATION, and ECHOSTAR TECHNOLOGIES, LLC,<br><br>          Defendants. | CASE NO. 2:12-cv-04536-DMG-SH<br><br>**NOTICE OF MOTION AND MOTION FOR TEMPORARY STAY**<br><br>**[Declaration of Patricia H. Benson Filed Concurrently]**<br><br>Time:     9:30 a.m.<br>Date:     April 19, 2013 |

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 9:30 a.m. on April 19, 2013, in Courtroom No. 7 of the above entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, Plaintiffs NBC Studios, LLC, Universal Network Television LLC, Open 4 Business Productions LLC, and NBCUniversal Media, LLC (collectively, "NBCU") will and hereby do move the Court to stay this Action temporarily, until final disposition, including exhaustion of all rights before the United States Supreme Court, of Fox Broadcasting Company's appeal of the denial on November 7, 2012 by the District Court of its Motion for a Preliminary Injunction in the litigation styled *Fox Broadcasting Company, Inc., et al. v. DISH Network L.L.C. et al.*, (United States District Court, Central District of California), CV-12-04529 DMG (SHx) (the "Fox Appeal.")

The Motion will be made on the grounds that (1) there is a strong likelihood that the outcome and rulings in the Fox Appeal will materially impact both the discovery proceedings and substantive disposition of the claims and defenses the parties have respectively asserted in this action, and (2) the final disposition of the Fox Appeal would also likely provide the parties greater certainty in the law that would assist in their evaluation of the complex issues and their litigation strategy involved in this action.  Therefore, the interests of judicial economy and efficiency are well served by staying this action temporarily until the final disposition of the Fox Appeal.[1]

---

[1] On March 15, 2013, the United States District Court for the Southern District of New York issued an order transferring to the United States District Court for the Southern District of California claims against and by NBCUniversal Media LLC asserted in *Dish Network LLC v. American Broadcasting Companies, Inc. et al.*, No. 12 Civ. 4155 (LTS)(KNF) (the " transferred New York Action").  The transferred New York Action is now pending in the Southern District of California as Case No. CV13-1899-DDP (AGRx).  The issues in the transferred New York Action are identical to the contract-related issues in the instant action.  On March 21, 2013, Dish Network LLC, the Plaintiff in the transferred New York Action, filed a Notice of Related Cases, which NBCU believes will result in the transferred New York Action being reassigned to this Court.  By this Motion, NBCU requests a Temporary Stay of both the instant case and the transferred New York Action.

Mitchell
Silberberg &
Knupp LLP

5207802.1/44025-00003

1

1       The Motion will be based on this Notice of Motion and Motion, the

2  Declaration of Patricia H. Benson and Memorandum of Points and Authorities

3  served and filed concurrent herewith, on all pleadings and papers on file herein, on

4  all matters of which the Court may take judicial notice, and on such further

5  evidence and argument as may be presented before or at the hearing of the Motion.

6       This Motion is made following conferences of the parties' respective in-

7  house counsel that culminated in a telephonic conference between litigation

8  counsel of record for the parties on March 19, 2013. Defendants' counsel of record

9  has represented that Defendants not only do not oppose, but affirmatively support

10  the requested stay.

11

12  DATED:  March 21, 2013          RESPECTFULLY SUBMITTED,

13                                  Robert H. Rotstein
                                    Patricia H. Benson
14                                  Jean Pierre Nogues
                                    J. Matthew Williams
15                                  MITCHELL SILBERBERG & KNUPP LLP

16

17                                  By:  /s/ Patricia H. Benson
18                                       Patricia H. Benson
                                         Attorneys for Plaintiffs
19                                       NBC Studios, LLC, Universal Network
                                         Television LLC, Open 4 Business
20                                       Productions LLC, and NBCUniversal
                                         Media, LLC

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This lawsuit involves claims by Plaintiffs NBC Studios, LLC, Universal Network Television LLC, Open 4 Business Productions LLC, and NBCUniversal Media, LLC (collectively, "NBCU") against Defendants DISH Networks L.L.C., DISH Network Corporation, Echostar Corporation and Echostar Technologies, LLC (collectively, "DISH") for copyright infringement and breach of contract arising out of two functionalities of DISH's Hopper DVR, which DISH calls PrimeTime Anytime and AutoHop.  (NBCU and DISH are sometime referred to hereafter collectively as the "Parties.")

In a related action currently pending before this Court, Fox Broadcasting Company, Inc. Twentieth Century Fox Film Corp., and Fox Television Holdings (collectively, "Fox") have also sued DISH for copyright infringement and breach of contract, challenging those same functionalities of DISH's Hopper DVR.  *Fox Broadcasting Company, Inc. et al. v. DISH Network L.L.C. et al*, CV-12-04529 DMG (SHx) (the "Fox Litigation").  On August 22, 2012, Fox moved for a preliminary injunction, which this Court denied on November 7, 2012.  On November 9, 2012, Fox appealed the order denying its preliminary injunction motion to the Ninth Circuit Court of Appeals (the "Fox Appeal").  That appeal is now fully briefed, and the parties to the appeal are awaiting a hearing date.

The outcome of the Fox Appeal, which involves claims and issues that are substantially identical to those in this lawsuit, will most likely clarify important legal issues relating to the rights of the Parties, and thus will materially impact both the discovery proceedings and substantive disposition of the claims and defenses the Parties have respectively asserted in this action.  The final disposition of the Fox Appeal also likely will provide the Parties greater certainty in the law that would assist in their evaluation of the complex issues and their litigation strategy involved in this action.  Thus, the interests of judicial efficiency and economy

1   clearly would be furthered by the issuance of a temporary stay pending final

2   disposition of the Fox Appeal.

3   **II.      THE COURT HAS THE POWER TO STAY THIS ACTION**

4             It is well settled that a district court has the inherent power to stay

5   proceedings before it.  *CMax, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)

6   (affirming order staying proceedings in district court: "A district court has inherent

7   power to control the disposition of the causes on its docket in a manner which will

8   promote economy of time and effort for itself, for counsel, and for litigants.")

9   (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81

10  L.Ed. 153 (1936)).

11                    Where it is proposed that a pending proceeding be

12                    stayed, the competing interests which will be affected by

13                    the granting or refusal to grant a stay must be weighed.

14                    Among these competing interests are the possible

15                    damage which may result from the granting of a stay, the

16                    hardship or inequity which a party may suffer in being

17                    required to go forward, and the orderly course of justice

18                    measured in terms of the simplifying or complicating of

19                    issues, proof, and questions of law which could be

20                    expected to result from a stay.

21  *CMax, supra*, 300 F.2d at 268.

22            Analyzing these interests, district courts within and outside the Ninth Circuit

23  have not hesitated to grant stays under circumstances similar to those present here.

24  *See, e.g., Bickley v. Schneider National Carriers, Inc.* (No. CV 08-05806 JSW)

25  2013 U.S. Dist. LEXIS 8638 at *2-3 (N.D. Cal., January 22, 2013) (granting

26  motion to stay pending resolution of appeals filed before Ninth Circuit, and noting:

27  "The power to stay proceedings is incidental to the power inherent in every court

28  to control disposition of the cases on its docket with economy of time and effort for

Mitchell
Silberberg &
Knupp LLP

2

1    itself, for counsel, and for litigants"); *Graham v. Overland Solutions, Inc.*, (No.

2    10cv672-BEN (BLM)) 2011 U.S. Dist. LEXIS 131714 (S.D. Cal., November 15,

3    2011) (granting joint motion to stay proceedings pending court approval of class

4    settlement, and noting: "The lack of opposition from either party to staying the

5    action supports a finding by this Court in favor of granting the stay.").

6         Here, resolution of Fox's Ninth Circuit appeal will clarify the rights of the

7    Parties, such that they can determine what discovery and dispositive motions are

8    warranted.  Inasmuch as NBCU is requesting the stay and DISH consents to it,

9    neither will be harmed by it; to the contrary, absent a stay, the Parties and the

10   Court are likely to suffer harm, as they will be forced to expend time and resources

11   on motion practice and other proceedings that ultimately may not be necessary or

12   that may be superseded by decisions from the appellate courts.  A stay will benefit

13   the Parties and the orderly course of justice, because a final appellate decision will

14   clarify issues of law, and hence help determine what proof is needed, so that the

15   case can be litigated more efficiently.  Under similar circumstances, the Hon.

16   George H. Wu of this Court recently entered a temporary stay, pending appeal, in

17   two related cases in which plaintiff distributors and licensors of copyrighted works

18   that appear on free, over-the-air broadcast television networks, among other

19   distribution channels, sought and obtained a preliminary injunction against

20   Defendants who offered Plaintiffs' copyrighted content through internet and

21   mobile device streaming, without Plaintiffs' authorization.  *See Fox Television*

22   *Stations, Inc. v. Aereokiller, LLC*, case no. CV-12-6921 and *NBCUniversal Media,*

23   *LLC v. Aereokiller, LLC,* case no. CV-12-6950 [Dkt. # 110].  (For the Court's

24   convenience, a copy of Judge Wu's Order is attached as Exhibit 1 to the

25   Declaration of Patricia H. Benson served and filed concurrently herewith.)

26

27

28

## III.   CONCLUSION

For all of the foregoing reasons, NBCU respectfully requests the Court to grant this Motion and enter an Order staying this Action temporarily, until final disposition of the Fox Appeal, including exhaustion of all rights before the United States Supreme Court.


DATED:  March 21, 2013              RESPECTFULLY SUBMITTED,

Robert H. Rotstein
Patricia H. Benson
Jean Pierre Nogues
J. Matthew Williams
MITCHELL SILBERBERG & KNUPP LLP


By:  /s/ Patricia H. Benson
Patricia H. Benson
Attorneys for Plaintiffs
NBC Studios, LLC, Universal Network
Television LLC, Open 4 Business
Productions LLC, and NBCUniversal
Media, LLC