1   WILLIAM A. MOLINSKI (SBN 145186)
    wmolinski@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa Street, Suite 3200
3   Los Angeles, California  90017
    Tel:  +1-213-629-2020 / Fax:  +1-213-612-2499
4   ANNETTE L. HURST (SBN 148738)
5   ahurst@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
6   405 Howard Street
    San Francisco, California  94105-2669
7   Tel:  +1-415-773-5700 / Fax:  +1-415-773-5759
    E. JOSHUA ROSENKRANZ (*pro hac vice*)
8   jrosenkranz@orrick.com
    PETER A. BICKS (*pro hac vice*)
9   pbicks@orrick.com
    ELYSE D. ECHTMAN (*pro hac vice*)
10  eechtman@orrick.com
    LISA T. SIMPSON (*pro hac vice*)
11  lsimpson@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
12  51 West 52nd Street
    New York, New York  10019-6142
13  Tel:  +1-212-506-5000 / Fax:  +1-212-506-5151
14  MARK A. LEMLEY (SBN 155830)
    mlemley@durietangri.com
15  MICHAEL PAGE (SBN 154913)
    mpage@durietangri.com
16  DURIE TANGRI LLP
    217 Leidesdorff Street
17  San Francisco, California  94111
    Tel:  +1-415-362-6666
18  Attorneys for Defendants DISH Network
    Corporation, DISH Network L.L.C., EchoStar
19  Corporation and EchoStar Technologies L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NBC STUDIOS, LLC; *et al.*, | Case No. CV12-04536-DMG-SHx |
| Plaintiffs, | **POST-STAY JOINT SCHEDULING CONFERENCE REPORT PER RULE 26(F)** |
| v. | |
| DISH NETWORK CORPORATION, DISH NETWORK L.L.C., ECHOSTAR CORPORATION and ECHOSTAR TECHNOLOGIES L.L.C. | |
| Defendants. | |

4025-00003

POST-POST-STAY JOINT SCHEDULING CONFERENCE
REPORT PER RULE 26(F)
CASE NO. CV12-04536-DMG-SHX

The parties hereby submit their Joint Rule 26(f) Conference Report pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 26-1, and this Court's Order dated June 16, 2014, entitled Scheduling Meeting of Counsel [Fed. R. Civ. P. 16, 26(f)]. Docket No. 66. The meeting and conference pursuant to Rule 26 was conducted on June 23, 2014, and was attended by Patricia Benson, on behalf of plaintiffs NBC Studios LLC, Universal Network Television LLC, Open 4 Business Productions LLC, and NBCUniversal Media, LLC (collectively, "Plaintiffs" or NBCUniversal), and by William A. Molinski and Melanie D. Phillips, on behalf of defendants DISH Network Corporation and DISH Network L.L.C., EchoStar Corporation, and EchoStar Technologies L.L.C. (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to herein as the "parties.")

## I. NEUTRAL STATEMENT OF THE CASE

Plaintiffs assert claims for direct and indirect copyright infringement against Defendants. Plaintiff NBCUniversal Media, LLC also alleges that DISH Network L.L.C. has breached the terms of its Retransmission Agreement with NBCUniversal Media, LLC and has breached the covenant of good faith and fair dealing implied in the Retransmission Agreement. Defendants deny the allegations of copyright infringement and Defendant DISH Network L.L.C. denies that it has breached the Retransmission Agreement.

## II. MATTERS TO BE ADDRESSED PURSUANT TO RULE 26(f) AND THE MEETING OF COUNSEL ORDER

### A. Rule 26(a) Disclosures

The Rule 26(a) disclosures were made on Friday, September 21, 2012.

### B. Discovery Plan

**NBCUniversal's Position:** NBCUniversal proposes that there should be a

single cut-off date for all fact discovery. The cut-off for fact and expert discovery should be the dates set forth in Plaintiff's Schedule A, attached hereto. The sole limit on the number of witnesses either side can depose on any particular claim should be as provided by the Federal Rules of Civil Procedure.

In contrast, Defendants' have set forth below an overreaching and inappropriate proposal that would arbitrarily cut off **all** of NBCUniversal's affirmative discovery on copyright issues (including depositions and all forms of written discovery) a scant **two weeks** after of the Scheduling Conference, but would give Defendants almost **one year** to conduct discovery of any kind on their affirmative defenses to NBCUniversal's copyright claims.[1] Defendants effectively seek to preclude NBCUniversal from taking any affirmative discovery on its copyright claims and to prevent NBCUniversal from making a motion to compel if Defendants failed to comply with their discovery obligations – as pending motions to compel in the Fox and CBS cases indicate Defendants repeatedly have done.

Defendants also seek to limit NBCUniversal to three depositions on its breach of contract claims – an arbitrary number for which Defendants offer no justification. In contrast, Defendants would have no limit whatsoever on the number of depositions they can take on the contract claims (or any other subject, for that matter) apart from the limitations imposed by the Federal Rules of Civil Procedure.

In the following paragraphs, NBCUniversal discusses why Defendants' proposed discovery plan is inappropriate and based on misleading arguments.

Defendants want **all** of NBCUniversal's discovery on its copyright claims to be cut off on August 5, 2014 simply because that date is the close of fact discovery in the Fox and CBS cases (respectively, *Fox Broadcasting Company, Inc., et al. v.*

---

[1] Defendants' counsel never discussed their "Proposed Discovery Plan" with NBC's counsel during the meeting of counsel on June 23, 2014. The proposal appeared for the first time in a draft of this Joint Report that Defendants did not send to NBC's counsel until 2:20 p.m. on July 2, 2014 – the day before the Joint Report was due.

*DISH Network L.L.C., et al.*, No. 12-CV-04529-DMG (SHx), and *DISH Network L.L.C. v. American Broadcasting Companies, et al.*, No. 12 Civ. 4155 (LTS) (KNF)), and some of the copyright issues in the three cases overlap.  In taking this position, Defendants purport to rely on this Court's Order, entered pursuant to the parties' stipulation, continuing a temporary stay of this case pending final resolution of Fox's appeal of the denial of its motion for preliminary injunction.[2]  The Court's Order provides no support for Defendants' position whatsoever, and Defendants' assertion to the contrary takes language in the Order entirely out of context.

      Even before the stay went into effect, the plaintiff networks (including NBCUniversal) and Defendants informally agreed that, to avoid duplication, counsel for all plaintiffs could participate in the deposition of a Defendant-witness noticed in any one case concerning issues common to all cases.  The Parties further agreed that the plaintiffs could use the transcript of that deposition regardless of which plaintiff had noticed the deposition.  Thus, no Defendant-witness would have to be deposed more than once on the same issues.  The Plaintiffs so agreed even though discovery in the various cases was never formally coordinated. The parties also agreed that documents produced by Defendants in any one case, which documents related to issues common to all cases, would be produced to, and could be used in, any of the other cases, so that the plaintiffs in the various cases would not have to serve (and Defendants would not have to respond to) duplicative document requests.

      Thereafter, this case was stayed.  Subsequently, the parties began discussing a continuance of the stay.  In the course of those discussions, Defendants expressed two concerns.  First, because NBCUniversal could not participate in depositions during the stay, Defendants did not want NBCUniversal to use the stay as a vehicle

---

[2] Dish both affirmatively supported the original request for a stay (*see* ECF No. 58 at 3:6-10, ECF No. 62 at 2: 18-19) and affirmatively requested that the stay be continued.  *See* ECF No. 62 (Joint Stipulation Re Continuance of Stay).

for claiming the right, after the stay was lifted, to depose Defendant-witnesses who had already been deposed in one of the other cases on issues common to all cases. Accordingly, NBCUniversal agreed that, after the stay was lifted, it would not re-depose any Defendant-witness on issues s/he had already testified about in one of the other cases, but instead would rely on the deposition transcript, provided Defendants gave NBCUniversal a specified number of days' advance notice of the deposition so that NBCUniversal could, if it chose, attend the deposition and observe the witness (but not ask questions). The operative language of this Court's resulting order (Docket No. 63) was as follows:

> 2. Plaintiffs will not take discovery on issues that are duplicative of issues on which discovery has been taken in the Fox Litigation or in *DISH Network L.L.C. v. American Broadcasting Companies*, et al., No. 12 Civ. 4155 (LTS)(KNF) (S.D.N.Y.) (the "SDNY Litigation").
> 3. Plaintiffs will rely on (and, at their option, observe) depositions of Defendants' witnesses taken on the aforesaid duplicative issues during the stay.
> 4. For any of Defendants' witnesses whose deposition testimony in the Fox Litigation or the SDNY Litigation Defendants believe will include issues that are duplicative of issues in this case, Defendants shall, within a reasonable time after the scheduling of such witnesses' deposition (but in no event fewer than 5 business days before the scheduled deposition date), notify Plaintiffs of the name of the deponent and the date, time and location of the deposition. If Defendants fail to provide such notice, the prohibitions in paragraphs 2 and 3 above shall not apply to that witness.

It bears noting that Defendants gave NBCUniversal the required notice of exactly one (1) deposition while the stay was in effect.

Second, Defendants had agreed to provide plaintiffs in all cases with documents they had produced in any one case. But Defendants did not want to produce such documents to NBCUniversal during the stay, because NBCUniversal had not yet produced documents to Defendants. Defendants asserted it would be unfair for NBCUniversal to receive documents from Defendants before Defendants received documents from NBCUniversal. Therefore, NBCUniversal agreed that,

- 4 -

while the stay was in effect, Defendants would not produce the documents to NBCUniversal until after the stay was lifted. Id at ¶ 5. In an eleventh hour insertion that Defendants added to this Report barely an hour before it was filed, Defendants assert below that NBCUniversal has refused to accept its production of documents. That is blatantly untrue. NBCUniversal is willing to accept production of all documents previously produced. However, NBCUniversal was unwilling to agree to DISH's unwarranted "Outside Counsel Only" designation as to **_one category_** of documents—AutoHop usage data—that DISH chose to produce to all parties *today* — unless Dish agrees that NBCUniversal outside counsel's analyses of that information can be shared with NBCUniversal's in-house counsel. DISH has not responded to that proposal, choosing instead to egregiously mischaracterize the events.

The foregoing two agreements were embodied in the parties' joint stipulation to continue the stay (ECF No. 62) and in the proposed Order thereon that the parties presented to this Court (ECF No. 63). However, the parties never discussed, much less agreed, that simply because Fox or CBS or ABC deposed a particular Defendant-witness on a particular copyright issue during the stay, NBCUniversal would be prohibited from taking any other discovery whatsoever on that issue after the stay was lifted – whether in the form of an interrogatory about the issue, a request for admission about the issue, or the deposition of another witness that neither Fox nor CBS nor ABC had chosen to depose. Yet that is the interpretation of the Stipulation and Order that Dish appears to be urging on this Court. It is neither an interpretation that was intended nor one that makes sense.

NBCUniversal will not duplicate discovery by re-deposing any Defendant-witness on issues about which s/he already has testified, and it will not serve new discovery requests that are duplicative of requests served by plaintiffs in either of

the other cases.³  But NBCUniversal has the absolute right to make its own strategic decisions about what discovery to take on its copyright claims.  NBCUniversal cannot be precluded from taking depositions of Defendant-witnesses who NBCUniversal believes have relevant and important information on the copyright issues, but who Fox, CBS and/or ABC, for their own strategic reasons, chose not to depose.  Nor can NBCUniversal be precluded from propounding interrogatories or requests for admission on copyright issues simply because Fox or CBS or ABC asked a deposition witness a question on the same issue.

**Defendants' Position:**  As the Court is aware, the claims and issues in this action substantially overlap with the claims and issues in the related cases pending both before this Court, captioned *Fox Broadcasting Company, Inc., et al. v. DISH Network L.L.C., et al.*, No. 12-CV-04529-DMG (SHx), and in the Southern District of New York captioned *DISH Network L.L.C. v. American Broadcasting Companies, et al.*, No. 12 Civ. 4155 (LTS) (KNF) (the "SDNY litigation").  In seeking the stay, NBCUniversal acknowledged that the Fox Action "involves claims and issues that are substantially identical to those in this lawsuit" and NBCUniversal's counsel confirmed in a declaration that "[b]oth this case and the Fox case involve claims and issues that are, at a minimum analogous, and in certain significant respects, identical."  Docket Nos. 58 and 58-2.  As the Court recognized in its stay order, this overlap, and the fact that discovery has been proceeding in those related actions during the stay, have significant implications for discovery in this action.

First, as to NBCUniversal's affirmative discovery on its copyright claims, the Court ordered that "Plaintiffs will not take discovery on issues that are duplicative

---

³ DISH attempts to mischaracterize NBCUniversal's position regarding non-duplicative discovery.  NBCUniversal does not contend it is only prohibited from asking the same questions of the same witnesses.  As noted above, it will not seek to re-depose any witness on issues about which s/he already has testified, nor will it serve duplicative discovery requests

1 of issues on which discovery has been taken in the Fox Litigation or in [the SDNY
2 Litigation]." Docket No. 63.  Instead, the Court ordered that "Plaintiff will rely on
3 (and, at their option, observe) depositions of Defendants' witnesses taken on the
4 aforesaid duplicative issues during the stay" and that "Defendants will produce to
5 Plaintiffs the same documents that they produce in the Fox Litigation and the
6 SDNY Litigation relating to such issues after the stay has been lifted." *Id*.  Given
7 the overlap in issues between the actions and the extensive discovery taken on these
8 overlapping copyright issues in the Fox and SDNY actions, this means that much of
9 the discovery on the copyright issues is now done.

10      Pursuant to the order of this Court, that "Defendants will produce to
11 Plaintiffs *the same documents* that they produced in the Fox Litigation and the
12 SDNY Litigation relating to such [duplicative] issues after the stay has been lifted,"
13 Defendants were prepared to provide NBCUniversal with a complete production of
14 the documents relating to the duplicative issues that it had produced to the networks
15 in the related action. Dkt. No. 63 (emphasis added).  However, NBCUniversal's
16 counsel objected to the inclusion of documents designated "Outside Litigation
17 Counsel Only," which were so designated by Defendants based on agreements with
18 Fox or CBS, and refused the production.

19      Additionally, DISH has provided notice to NBCUniversal of all depositions
20 of DISH witnesses noticed in the related actions in advance, so that NBCUniversal
21 may either observe or participate in those depositions.  Accordingly, DISH's
22 position is that fact discovery should close for NBCUniversal's affirmative
23 discovery on its copyright claims when fact discovery closes on both Fox's and
24 CBS's claims on August 5, 2014.

25      NBC's interpretation of its agreement to be bound by discovery on the
26 common issues is unreasonable.  According to NBC it only agreed not to ask the
27 exact same question of the exact same witness that was asked by another witness.
28 In essence, NBC now asks to have its cake at eat it too – armed with all of the

1  discovery already taken by Fox, CBS, and ABC, NBC now seeks to have a year to
2  burden DISH with discovery on the same issues that have already been thoroughly
3  covered.
4        As to DISH's defensive discovery on NBCUniversal's copyright claims,
5  NBCUniversal has not yet produced any documents in this case on either the
6  copyright or contract issues.  DISH has requested that NBCUniversal promptly
7  begin its production of documents and the parties have been exploring ways to
8  avoid disputes over the documents and information NBCUniversal is required to
9  produce by benefitting from the meet-and-confer efforts in the Fox and SDNY
10 Actions.
11       As to both affirmative and defensive discovery on NBCUniversal's contract
12 claims, which is the only issue that does not directly overlap with the other actions,
13 both parties will now continue the discovery that was started prior to the stay.  At
14 the time of the stay, both sides had propounded discovery on each other and the
15 parties were in the process of meeting and conferring over those requests.

16              *1.    Proposed Modification of the Discovery Rules*
17       **Plaintiffs' Position:**  There should be no modification of the discovery rules
18 set forth in the Federal Rules of Civil Procedure<u>, provided that</u> NBCUniversal
19 agrees it will not depose any Dish witness on any subject that said witness has
20 already been questioned about in his/her deposition taken in the Fox or CBS case.
21       Defendants' assertion that "there is no need for more than three additional
22 depositions" is based on nothing more than its own *ipse dixit*.  Defendants do not
23 have the right to dictate how many depositions its adversary "needs," nor what
24 subjects Defendants may depose a witness about (subject to the above proviso).
25       **Defendants' Position:**  DISH proposes that NBCUniversal be permitted no
26 more than three depositions on the remaining non-duplicative issues (i.e., the
27 contract claims).  Given that NBCUniversal obtains the benefit of depositions taken
28

in the Fox and SDNY Actions on copyright issues, there is no need for more than three additional depositions in this action.

### 2. Subjects for Discovery

The parties' proposed discovery schedule is set forth in the format required by the Meeting of Counsel Order in the attached Exhibit "A." The parties anticipate the need to take written discovery and depositions on the following subjects.

**By Plaintiffs:**

Plaintiffs expect to take written discovery, and fact and/or expert depositions, related to at least the following subjects:

1. Defendants' alleged infringement of Plaintiffs' works.
2. Defendants' breaches of contract and other alleged wrongful actions.
3. The claims set forth in the Complaint and in any supplemental or amended complaint.
4. The basis of each of Defendants' affirmative defenses.

**By Defendants:**

Defendants expect to take written discovery, and fact and/or expert depositions, related to at least the following subjects:

1. Plaintiffs' claims and allegations set forth in the amended complaint;
2. Fair use and other affirmative defenses;
3. Plaintiffs' allegations of irreparable harm;
4. Plaintiffs' damages claims

**Joint:**

The parties reserve their right to serve discovery on additional topics as they arise.

### *3. Electronically Stored Information*

The parties have already agreed to a limited ESI protocol in their joint scheduling conference report, which should continue to apply in this case. Docket No. 39. In addition, Defendants propose that the parties abide by the ESI protocol ordered by the Court in the Southern District of New York.

**Plaintiffs' Position:**

Plaintiffs are uncertain which ESI protocol was "ordered" by the Court in the Southern District of New York, and propose that the counsel meet and confer no later than July 17, 2014 to review that "protocol" and determine whether revisions need to be made. During the parties' meet and confer in connection with this Joint Report, Plaintiffs' counsel asked Defendants' counsel to send both the ESI protocol that had been agreed to in the New York case and the ESI protocol that had been agreed to in the Fox case, so that Plaintiffs could decide which worked better for their counsel's technology platform. Defendants' counsel said they would do so. They did not. Instead they sent two separate ESI orders from the New York case, and now – in a last minute section added below **after** Defendants had already provided Plaintiffs with their position on the ESI topic and Plaintiffs had inserted their portion– Defendants falsely contend that "NBCU agreed to and is a signatory to *the* ESI protocol issued by the Court in the SDNY Action." (emphasis added). In fact, NBCU was a signatory **only** to an initial submission filed in the SDNY Action on December 12, 2012. That initial submission contained only general agreements -- such as that text messages, instant messages and voicemail messages need not be preserved or collected -- but expressly stated that the parties were continuing to discuss the specifics of an ESI protocol, including date ranges, number and identity of custodians, the use of keyword search terms, and "the technical specifications for the form of production, including the extracted data fields to be produced and other technical parameters of production." On May 14, 2013, the Court in the SDNY Action issued an order pursuant to a stipulated

1  Amendment to the initial submission.  That Amendment contained three pages of
2  technical specifications regarding the form of production.  NBCUniversal was **not** a
3  signatory to that 2013 Amendment, because the NBCUniversal part of the SDNY
4  Action had long since been transferred to this Court.

5        NBCUniversal still would like to see the ESI protocol that was agreed to in
6  the Fox Action pending before this Court, so that it can determine whether the
7  technical specifications in that protocol are better suited to the technology used by
8  NBCUniversal's litigation counsel.  Defendants for some reason seem unwilling to
9  share that information, and instead want to foist upon NBCUniversal specifications
10 agreed to by other counsel, who may use other technology platforms, without
11 giving NBCUniveral's counsel any say-so whatsoever in the protocol that is used.

12       **Defendants' Position:**
13       NBCUniversal's assertion that it does not know what ESI protocol was
14 ordered by the Court in the SDNY Action and that it needs time to determine
15 whether revisions to such protocol are necessary is another example of
16 NBCUniversal trying to take a second bite of the apple.  **NBCUniversal agreed to**
17 **and is a signatory to the ESI protocol issued by the Court in the SDNY Action**
18 (and DISH has provided NBC with a copy of the protocol as part of the discussions
19 prior to the filing of this report).  Given its previous assent to the protocol, and
20 DISH's adherence to it in the intervening two years, NBC should be bound to honor
21 it now.

22

23          4. *Privileges*
24       On July 25, 2012, the parties stipulated to a proposed protective order to
25 protect the confidentiality of the documents and things produced during this action.
26 Docket No. 23.  On July 26, 2012, Magistrate Judge Frederick F. Mumm approved
27 the stipulated proposed protective order, with certain changes, and entered it as an
28 order of the Court.  Docket No. 27.

On June 24, 2014, the parties stipulated to an amended proposed protective order. Docket No. 67. On June 25, 2015, Magistrate Stephen J. Hillman approved the stipulated amended proposed protective order, and entered it as an order of the Court. Docket No. 68.

### C. Motion Schedule

The parties anticipate that they may file motions for summary judgment or summary adjudication, upon close of fact discovery. The deadlines for filing such dispositive motions and other motions are set forth in Exhibit A.

### D. Amendment and Additional Parties

**Plaintiffs' Position:**

Plaintiffs anticipate moving pursuant to Rule 15 within the time provided in Schedule A for permission to file a supplemental complaint to allege breaches of a retransmission agreement, effective as of January 1, 2013, entered into by certain of the parties after the Complaint was filed, and to add additional claim(s) for breach of contract with respect to that agreement. Plaintiffs also intend to supplement their Complaint to allege additional infringements of their copyrighted works that occurred after the filing of their Complaint.

**Defendants' Position:**

Defendants reserve all rights to oppose the filing of an amended complaint involving a completely separate and new agreement.

### E. Settlement and Settlement Mechanism

The parties have discussed generally the topic of settlement and are amenable to private mediation.

### F. Trial Estimate

The parties jointly estimate a 10-day trial. Proposed dates for the final pretrial conference and for trial are set forth in the proposed case schedule at Exhibit "A."

### G. Bifurcation

At this time, the parties do not have any proposals regarding severance, bifurcation, or other ordering of proof, but reserve their right to raise any proposals in the future, whether by stipulation or motion.

## III. PROPOSED DISCOVERY SCHEDULE

The parties propose the respective discovery schedules set forth at Exhibit "A."

## IV. MATTERS TO BE ADDRESSED PURSUANT TO LOCAL RULES

### A. Complex Case

The parties do not believe this is a complex case or that the procedures of the Manual For Complex Litigation should be utilized.

### B. Motion Schedule

*See* paragraph II.C, *supra*.

### C. Settlement and Settlement Mechanism

*See* paragraph II.E, *supra*.

### D. Trial Estimate

*See* paragraph II.F, *supra*.

**E.     Additional Parties**

*See* paragraph II.D, *supra.*

**F.     Expert Witnesses**

The parties' proposals concerning the timing of expert witness disclosures and reports under Rule 26(a)(2) are set forth at Exhibit "A."

**G.     Amendment of Pleadings**

*See* paragraph II.D, *supra.*"

| | | |
|---|---|---|
| Dated: | July 10, 2014 | Mitchell, Silberberg & Knupp LLP |
| | | By: */s/ - Patricia H. Benson*<br>PATRICIA H. BENSON<br>Attorneys for Plaintiffs<br>NBC Studios LLC, Universal Netowrk Television LLC, Open 4 Business Productions LLC, and NBCUniversal Media, LLC |
| Dated: | July 10, 2014 | Orrick, Herrington & Sutcliffe LLP |
| | | By: */s/ - William A. Molinski*<br>WILLIAM A. MOLINSKI<br>Attorneys for Defendants<br>DISH Network Corporation, DISH Network L.L.C., EchoStar Corporation and EchoStar Technologies L.L.C. |

Pursuant to L.R. 5-4.3.4(a)(2), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

# Exhibit A

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [X] Court [ ] Jury Duration Estimate: 10 Days<br><br>DISH demands a jury trial | July 14, 2015 (Plaintiffs)<br>December 15, 2015 (Defendants)<br>(Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")** 4 wks before trial | June 16, 2015 (Plaintiffs)<br>November 17, 2015 (Defendants)<br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off | 90 days after scheduling conference | **Plaintiffs:** October 10, 2014<br>**Defendants:** August 1, 2014 |
| Non-Expert Discovery Cut-Off (includes hearing on discovery motions) | At least 10 wks before FPTC | **Plaintiffs:** All non-expert discovery: March 10, 2015<br>**Defendants:** NBC's affirmative discovery on overlapping copyright claims: August 5, 2014<br>All other discovery: June 5, 2015 |
| Initial Expert Disclosure & Report Deadline | At least 9 wks before FPTC | **Plaintiffs:** April 14. 2015<br>**Defendants:** July 3, 2015 |
| Rebuttal Expert Disclosure & Report Deadline | At least 5 wks before FPTC | **Plaintiffs:** May 12. 2015<br>**Defendants:** July 31, 2015 |
| Reply Expert Disclosures | N/A | **Plaintiffs:** Plaintiffs submit that the rules do not contemplate "reply" designations and that they are in any event inappropriate in this case.<br>**Defendants:** August 21, 2015 |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Expert Discovery Cut-Off (includes hearing of discovery motions) | At least 3 wks before FPTC | **Plaintiffs:** May 26, 2015 **Defendants:** September 11, 2015 |
| Motion Cut-Off, including Dispositive Motions (filing deadline) | At least 8 wks before FPTC | **Plaintiffs:** March 17, 2015 **Defendants:** September 21, 2015 |
| Settlement Conference Completion Date | At least 4 wks before FPTC | **Plaintiffs:** May 19, 2015 **Defendants:** October 19, 2015 |
| Motions in Limine Filing Deadline | At least 3 wks before FPTC | **Plaintiffs:** May 26, 2015 **Defendants:** October 19, 2015 |
| Opposition to Motion in Limine Filing Deadline | At least 2 wks before FPTC | **Plaintiffs:** June 2, 2015 **Defendants:** November 2, 2015 |